HUDSON COUNTY ORPHANS COURT.

In the matter of the estate of CATHERINE CASSIDY, deceased.

[Decided November 24th, 1926.]

Wills—Probate—Caveat on Grounds of Improper Execution of Undue Influence and of Lack of Testamentary Capacity—Evidence Considered and Found to Sustain Neither Contention—Some Evidence of Limited Mental Capacity Probably Due to Age, but Not Sufficient to Justify the Allegation.

*Mr. James Erwin,* for the proponents.

*Messrs. Hershenstein & Finnerty,* for the caveators.

EGAN, J.

On August 19th, 1924, Catherine Cassidy, a woman of approximately eighty years of age, died.

She had been suffering from cancer, from about the fall of the year of 1923. In January, 1924, she was confined to her bed, suffering from the ailment, and practically remained there until the time of her death.

On February 20th, 1924, she executed a last will and testament, which will was offered for probate. Against its probate a *caveat* was filed and the grounds of objection to its probate were as follows:

*First*—Improper execution of the paper purporting to be a will;

*Second*—Undue influence;

*Third*—Lack of testamentary capacity.

Many hearings were held at which testimony was offered by the caveators in support of their objections to the probate of the instrument. Testimony was offered by the proponents, favoring its legality.

The will was prepared by Mr. James Erwin, an experienced and reputable attorney, who was one of the witnesses to. its execution with Mary V. Sharkey, an employe in his office.

An examination of the testimony shows that the execution of the will was surrounded with all the proper statutory and legal elements and requisites. There is not the slightest doubt in my mind that the will was properly executed.

The second ground of objection—undue influence—seems to be without merit. There is not a scintilla of evidence to show that the decedent, the testatrix, was influenced in the slightest degree. The burden was upon the caveators to show that some person exercised a control over the mind of the testatrix, or practiced an importunity, which she could not resist. *Loveridge* v. *Brown, 3 N. J. Adv. R. 1050.* Such proof is absolutely lacking. I am satisfied that there was absolutely no undue influence used in the execution of the will.

The third ground of objection raised by the caveators against the probate of the will is lack of testamentary capacity. The family doctor who treated the decedent was of the opinion that the testatrix prior, at the time, and subsequent to the execution of the will, lacked testamentary capacity. There is testimony to the same effect from some members of the family and of relatives of the decedent. Against that contention the proponents submitted convincing evidence to the contrary. They showed, to my mind, that the decedent, at the time of the execution of the will, fully comprehended the property she sought to devise, that she comprehended the objects of her bounty, and that she thoroughly understood the meaning of the business in which she was at the time engaged. *In re Freeman's Will, 1 N. J. Mis. R. 642.*

On January 24th, 1924, testatrix transacted business with her daughter, who was a witness for the caveator, and executed a conveyance of real estate to her. Her mind was keen and alert, then. At or about the time of the execution of the will, and for some time before, as well as afterward, she discussed matters of usual and common interest with the members of her family and with her spiritual advisor. She joked about matters and discussed affairs with the counsel who prepared and witnessed her will, at the time of its **execution.**

I cannot incline to the belief that the decedent lacked testamentary capacity. The fact that the decedent, at times, acted and spoke peculiarly may be indicative of mental decay, but they do not establish mental incapacity. All the attending circumstances must be considered, and if, out of it, it appears that decedent was capable of recollecting what her property consisted of, and who, in consequence of ties of blood or friendship, should be the objects of her bounty, and had a mind sufficiently sound to enable her to know what disposition she wanted made of her property, after her death, she is deemed competent.. *Ward* v. *Harrison, 3 N. J. Adv. R. 470.*

Taking into consideration the facts surrounding the illness of the decedent, her mental status and the execution of the instrument, I have come to the conclusion, and do decide, that the paper-writing offered in evidence is the last will and testament of Catherine Cassidy, deceased, and it shall be admitted for probate as her last will and testament, and I will sign an order in conformity with these findings.